## DUDEN v. MALOY.[1]

*(Circuit Court, E. D. New York. November 21, 1888.)*

PARTNERSHIP—ACCOUNTING—PARTIES.

In an action between former partners for an accounting, defendant moved that a corporation be made a party to the suit on the ground that it had property belonging to the old partnership, and that complainant was irresponsible. Defendant had an action pending in the state court for similar relief, in which real estate had been impounded by the filing of a. *lis pendens. Held,* that defendant must show a reasonable probability of his obtaining a judgment against complainant for a greater sum than that already secured in the state court. As all the evidence on that point had been regularly taken before the master, but defendant had not since then pressed the case to a decision, *held,* that the motion should be denied.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

In Equity. On motion to make the Associated Lace-Makers' Company a party to this suit.

Bill by Herman Duden against Michael F. Maloy for an accounting of the partnership assets of Duden & Co.

*Howard Y. Stillman,* for complainant.

*J. M. Lyddy,* for defendant.

LACOMBE, J. The Associated Lace-Makers' Company is not an indispensable party to this suit. The accounts of the firm of Duden & Co., of New York, the sole partners in which were the complainant and defendant, can be adjusted, and a decree for money judgment against either side entered, without the presence of the corporation. Defendant, however, claims that the Lace-Makers' Asssociation should be brought in because it has become possessed of property of the old partnership, which may be dissipated unless the court impounds it, and which should be applied to the payment of whatever judgment the defendant may obtain against complainant upon the accounting; complainant himself being, as defendant contends, irresponsible. Defendant has an action pending in the supreme court against the corporation for similar relief, in which by the filing of a *lis pendens* he has impounded real estate worth from $10,000 to $15,000. The application now made is not of right, but addressed to the discretion of the court. It is essential to its granting that the defendant should show a reasonable probability of his obtaining a judgment against the complainant for a greater sum than that already secured by his *lis pendens* in the state court. That he will be able to obtain such a decree is vigorously disputed by complainant. The question is one which should not be decided upon affidavits. It appears that all the evidence upon that point deemed material by either party has been taken regularly before the master; but though the record was completed some time since, defendant has not pressed the case to a decision, and since the argument of this motion has, as the master informs me, asked for and obtained an adjournment. This fact, coupled with his long delay in moving to make the corporation a party, is sufficient reason for denying the motion.